[No. 17973.    *En Banc*.    November 19, 1924.]

## J. I. CASE THRESHING MACHINE COMPANY, *Appellant*, v. C. E. SCOTT *et al.*, *Respondents*.[1]

SALES (57)—WARRANTY—RESCISSION BY PURCHASER—DEMAND OR OFFER TO RESCIND—EVIDENCE—SUFFICIENCY. Upon a sale and warranty of a traction engine and plow, under stipulations making the same a separate sale of each for stated portions of the whole price, the buyer's demand for a rescission and offer to return both for breach of warranty does not constitute an effectual rescission of the tractor alone, there having been no breach of warranty as to the plow.

APPEAL (479)—DECISION—JUDGMENT—CONSTRUCTION—SALES—RE-SCISSION OF CONTRACT. In a seller's action on notes given for the price of a traction engine and plow, sold separately, and to fore-close a chattel mortgage to secure the whole price, contested by the buyer on the ground of rescission for breach of warranty, a judg-ment for the whole price, modified and reduced on appeal to cover the price of the plow only, on the theory that the warranty as to the engine was breached, without affecting the decree of foreclosure as to both engine and plow, constitutes an adjudication as to the amount due on the price of both, and that there was no effectual rescission as to either; so that, upon payment of the reduced judg-ment, thereby avoiding the foreclosure sale, the title to both engine and plow vested in the buyer.

Appeal from a judgment of the superior court for Douglas county, Hill, J., entered October 23, 1923,

[1]Reported in 230 Pac. 151.

upon findings in favor of the defendants, in an action in replevin, tried to the court. Affirmed.

*Crollard & Steiner,* for appellant.

*Barrows & Hanna,* for respondents.

PARKER, J.—This replevin action was commenced by the plaintiff threshing machine company in the superior court for Douglas county, seeking recovery of possession from the defendants Scott of a farm tractor engine. The plaintiff obtained the possession of the engine from the defendants pending the action by the usual proceedings in such cases. Trial was thereafter had before the court without a jury upon the issues of law and fact presented, and resulted in findings and judgment being made and rendered in favor of the defendants, adjudging them to have superior title to the engine and awarding to them a money judgment for $1,400 against the plaintiff, that being the admitted value of the engine. The judgment was rendered in this form because it was found that the possession of the engine could not be restored to the defendants. From this disposition of the cause in the superior court, the plaintiff has appealed to this court.

Our problem is, in substance, as to whether or not there was legally effected by the acts of the parties such rescission of the contract of purchase of the engine by the respondents Scott from appellant threshing machine company as to reinvest title to the engine in appellant; and, if there was no rescission of the sale contract so effected, then as to whether or not rescission was, in legal effect, adjudicated by a prior judgment of the superior court for Douglas county, as modified by the judgment of this court, so as to reinvest title to the engine in appellant.

As we view the controversy, the controlling facts

are not in dispute and may be summarized as follows: In April, 1913, appellant sold to respondents the engine in question, together with a ten bottom plow, for a stated total purchase price of $3,325; respondent agreeing also to pay the freight thereon from the factory, amounting to over $550. While the total purchase price was so stated in the written contract between the parties evidencing the sale, certain stipulations therein warranting the engine and plow evidenced an intent to regard each as a separate sale, with reference to which it was agreed that $700 of the total purchase price should be regarded as the purchase price of the plow. The engine and plow were accordingly shipped by appellant to respondents and received at Wenatchee. Thereupon respondents paid the freight as agreed, and in payment of the total agreed purchase price gave to appellant their three promissory notes for the total sum of $3,325, and as security therefor gave to appellant a chattel mortgage upon the engine and plow.

After a trial of the engine and plow, respondents, conceiving that they did not come up to the warranty as to performance, so notified appellant, and the warranty not being made good by appellant, as respondents claimed, they demanded that appellant return to them the notes given as the total purchase price, together with a sum equal to the amount of freight which they had paid upon receiving the engine and plow, and tendered to appellant the engine and plow upon condition that appellant surrender the notes and make reimbursement accordingly. Appellant refused to comply with this demand. Thereafter, in January, 1914, appellant commenced an action in the superior court for Douglas county, seeking recovery upon all the notes and foreclosure of the chattel mortgage.

Such proceedings were had in that action that, on February 27, 1915, judgment was rendered therein by the superior court awarding to appellant recovery for the full amount of the notes evidencing the total purchase price, and also foreclosing the chattel mortgage against both the engine and plow.

Thereafter respondents appealed from that judgment to this court. Thereafter this court modified that judgment only to the extent of reducing the amount of appellant's recovery to $700, with interest thereon from the date of the sale contract, leaving the foreclosure provisions of the judgment in full force and effect as against both the engine and the plow. The opinion of this court, in pursuance of which its judgment modifying the judgment of the superior court was rendered, is found in 96 Wash. 566, 165 Pac. 485. Both the opinion and the judgment of this court are wholly silent upon the question of rescission. Thereafter respondents paid the judgment of $700 and interest, retaining both the engine and the plow, thus preventing sale of them under the foreclosure proceedings. Appellant, at all times up to the rendering of the judgment of this court modifying the judgment of the superior court, refused to recognize the claim of rescission made by respondents, and have at all times refused to pay to respondents any portion of the sum paid by them for freight. Manifestly the judgment of the superior court in the former action was modified by this court upon the theory that the engine failed to fulfill the warranty, and to that extent the consideration for the notes failed, though the plow did fulfill the warranty.

Was there an effectual rescission of the sale of the engine by respondents' demand and offer made to appellant before the commencement of the action by ap-

pellant for the full purchase price of the engine and plow? Of course, there was no such effectual rescission as to the sale of the plow. The judgment in the former action conclusively negatives that by the awarding to the appellant recovery of the agreed purchase price of the plow. This, of course, became an adjudication that respondents did not have the right to rescission of the sale of the plow. Now the only demand and offer made by the respondents looking to rescission was the demand and offer made before the commencement of the former action looking to a rescission of the sale of both the engine and the plow, and incidental thereto the reimbursement of them by appellant for the amount paid by them for freight, which it seems plain respondents would be entitled to as an incident of rescission if they were entitled to rescind at all, to the end that they be made whole and saved from loss by reason of having entered into the sale contract.

It seems to us that it cannot be rightfully held that respondents ever made any demand or offer looking to the rescission of the sale of the engine alone. They did not say to appellant, acknowledge satisfaction of so much of the indebtedness evidenced by the notes as represents the agreed price of the engine and pay to us the amount of freight we paid upon the engine and take the engine back. Had such an offer been made, we think respondents would have had the right to have appellant not only satisfy such portion of the total purchase price evidenced by the notes as constituted the price of the engine, but also have appellant make reimbursement for the amount of freight paid by them upon the engine, before appellant would be entitled to return of the engine in pursuance of any such offer. But, as we have said, no such offer was ever

made; nor did appellant at any time ever indicate that it put any such construction upon the demand and offer which was made by respondents, until after the rendering of the judgment in the former foreclosure action and the modification of that judgment by this court; nor did it even then make any offer of reimbursement to respondents for freight paid by them, which at all events would have been a condition to be performed by appellant. It seems plain to us that, from any point of view, it cannot be successfully claimed that the sale of the engine alone was ever effectually rescinded by any of the acts of the parties, or even that it was ever attempted to be so rescinded. We conclude, therefore, that in so far as we are concerned with this branch of the case, it must be held that respondents have superior title to the engine and are entitled to judgment for its value, as was awarded by the trial court.

Was there, in legal effect, an adjudication of a rescission of the sale of the engine by the judgment rendered in the former action? We think not. The judgment of this court, while modifying that judgment by reducing the amount of recovery, left the foreclosure provisions thereof in full force and effect as against both the engine and the plow; thus plainly recognizing title to both the engine and the plow as being in respondents. The judgment of this court made no determination whatever touching the question of reimbursement of respondents by appellant for the amount paid by them for freight upon the engine, which manifestly respondents would be entitled to in some measure from appellant before it could rightfully reclaim from respondents possession of the engine. We are unable from any viewpoint to see in the judgment of this court modifying the judgment of

the superior court rendered in the former action, any adjudication, express or implied, of a rescission of the sale of the engine from appellant to respondents. It follows that, at the time the engine was taken from the possession of respondents by appellant following the beginning of this action, respondents had superior title thereto, and it being admitted in the pleadings that the engine was then worth $1,400, and it being established that the engine cannot now be restored to respondents, the judgment of the superior court must be affirmed. It is so ordered.

MAIN, C. J., HOLCOMB, TOLMAN, BRIDGES, FULLERTON, MITCHELL, and PEMBERTON, JJ., concur.